**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARCY PON, DBA Francys Fish Mart, | No. 20-17153 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00086 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted October 12, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Arcy Pon appeals from the district court's grant of summary judgment for

the Government in Pon's challenge to the decision to disqualify her store from

participating in the Supplemental Nutrition Assistance Program ("SNAP"). As the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

facts are known to the parties, we repeat them only as necessary to explain our decision.

In her application to accept SNAP payments at her store, Pon agreed "to comply with all statutory and regulatory requirements associated with participation in the" SNAP. Those statutory and regulatory requirements demonstrate that SNAP "trafficking"—that is, exchanging SNAP funds "for cash or consideration other than eligible food"—is strongly disfavored. *See* 7 C.F.R. § 271.2. Indeed, a store is permanently disqualified from participating in the SNAP if it commits even a single "trafficking" violation. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i). Moreover, the Food and Nutrition Service, which administers the SNAP, is entitled to rely on "evidence obtained through a transaction report" in identifying potential trafficking and determining whether to disqualify a store.[1] 7 U.S.C. § 2021(a)(2).

To that end, to support its summary judgment motion, the Government presented evidence regarding hundreds of transactions, alleging trafficking at Pon's store. The Food and Nutrition Service agent who investigated Pon's store explained in detail how the agency determined these transactions indicated

---

[1] Accordingly, although a store is entitled to respond to the agency's initial allegations, *see* 7 C.F.R. § 278.6(b)(1), the SNAP's statutory and regulatory framework allows the agency to make circumstantial allegations that may result in a store's disqualification without the due process protections available in the criminal context.

trafficking, including the presence of transactions in rapid succession, multiple transactions using the same EBT account, and unusually large transactions.

Pon attempted to create a genuine dispute of material fact as to the agency's determination using only her own page-and-a-half declaration—even though she was free to introduce evidence beyond the administrative record, *see* 7 U.S.C. § 2023(a)(15), and even though she bore the burden of proving "that the violations did not occur," *see Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997). Pon's declaration, "lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *See Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

Because Pon "failed to make a sufficient showing on an essential element of her case," the Government was entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**AFFIRMED.**